IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR
MARION COUNTY, FLORIDA

TOMMIE JO CORY, on behalf of
herself and all others similarly situated,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A., f/k/a
WELLS FARGO FINANCIAL BANK

        Defendant.
_____/

CASE NO.: 2018-CA-
CLASS REPRESENTATION

## CLASS ACTION COMPLAINT

Plaintiff, TOMMIE JO CORY, on behalf of herself and all others similarly situated, sues Defendant, WELLS FARGO BANK, N.A., f/k/a WELLS FARGO FINANCIAL BANK ("Wells Fargo"), and alleges:

1. This is a cause of action for declaratory and supplemental relief pursuant to Chapter 86, Florida Statutes, involving title to Plaintiff's property located in Marion County, Florida.

2. Plaintiff is a resident of Marion County, Florida, and is the owner of the following described real property located in Marion County (the "Property"):

    Lot 9, Block C, Tropicana Village II as per the Plat thereof recorded in Plat
    Book 1, Pages 194 and 195, Public Records of Marion County, Florida.

3. Wells Fargo is a federally chartered bank doing business in Marion County, Florida.

4. On February 21, 2007, Plaintiff executed an Open-End Real Estate Mortgage (the "Mortgage") in favor of Wells Fargo which encumbers the Property in order to secure a line of credit extended to Plaintiff by Wells Fargo in the amount of $38,000. A copy of the Mortgage is attached hereto as Exhibit "A".

5. The terms of the mortgage did not include a maturity date.

6. On December 2, 2016, Wells Fargo filed an Affidavit of Correction purporting to amend the Mortgage to show a maturity date of November 30, 2056. A copy of the Affidavit of Correction is attached hereto as Exhibit "B".

7. Notwithstanding that Plaintiff did not authorize Wells Fargo to unilaterally amend the Mortgage and that Wells Fargo does not otherwise have the authority to do so, Wells Fargo maintains that the maturity date of the Mortgage is November 30, 2056.

8. Plaintiff is in doubt as to the efficacy of the Affidavit of Correction.

9. The adverse legal interests of the parties are of sufficient immediacy and materiality to warrant a declaratory judgment.

WHEREFORE, Plaintiff requests that the Court enter a judgment as follows:

A. Declaring that Wells Fargo did not have the authority to unilaterally change the terms of the Mortgage.

B. Declaring that the Affidavit of Correction is ineffective to amend the Mortgage and is a nullity.

C. Order the Affidavit of Correction sealed from the official record and removed from any electronic database used for indexing or locating instruments in the official record.

D. Grant such supplemental relief as is appropriate under the circumstances.

## COUNT II
## CLAIM PURSUANT TO SECTION 817.535(8), FLORIDA STATUTES

10. Plaintiff re-alleges paragraphs 2 through 7.

11. This is a cause of action pursuant to Section 817.535(8), Florida Statutes.

12. The statement in the Affidavit of Correction that "[t]he MATURITY DATE OF THE SECURED DEBT FOR THE SECURITY INTEREST is hereby amended to show: NOVEMBER 30, 2015 (11/30/2056)" is a materially false, fictitious and fraudulent statement.

13. Wells Fargo recorded the Affidavit of Correction without Plaintiff's knowledge with the intent to defraud her.

14. Plaintiff is adversely affected by the Affidavit of Correction.

15. Plaintiff has retained the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests that the Court grant the following relief in accordance with Section 817.535(8), Florida Statutes:

    A. Find that the Affidavit of Correction contains a materially false, fictitious and fraudulent statement such that it does not establish a legitimate property or lien interest in favor of Wells Fargo.

    B. Order the Affidavit of Correction sealed from the official record and removed from any electronic database used for indexing or locating instruments in the official record.

    C. Permanently enjoin Wells Fargo from filing or directing a person to file an instrument in the official records without prior review and approval for filing by a circuit or county court judge.

    D. Award actual damages and punitive damages.

    E. Levy a civil penalty of $2,500 for each Affidavit of Correction filed by Wells Fargo in violation of Section 817.535(2), Florida Statutes.

      F.     Award Plaintiff attorneys' fees and costs.

      G.     Grant such other relief or remedy that the Court determines is just and proper within its sound discretion.

## CLASS REPRESENTATION ALLEGATIONS

12.    In addition to bringing this action on her own behalf, Plaintiff also brings this action in a representative capacity on behalf of the class defined as:

All persons owning real property in the State of Florida whose real property is described in an Affidavit of Correction filed in the official record by Wells Fargo that purports to amend an Open-End Real Estate Mortgage or similar document.

13.    This action is suitable for class treatment pursuant to Fla.R.Civ.P. 1.220(b)(2) in that Wells Fargo has acted on grounds applicable to all class members by filing an Affidavit of Correction with respect to the real property of each member of the class thereby making declaratory relief concerning the class appropriate.

14.    The members of the class are so numerous that joinder of all the members individually is impracticable. The exact number of class members can be determined only by appropriate discovery from Wells Fargo. However, based on a survey of the official records of several Florida counties, Plaintiff believes the number of class members is substantially in excess of 100.

15.    Plaintiff's claims raise common questions of law and fact including, but not limited to:

      a.     Whether the Affidavits of Correction that were filed by Wells Fargo are effective to amend the terms of the class members' Open-End Real Estate Mortgages.

  b. Whether the Affidavits of Correction contain a materially false, fictitious and fraudulent statement such that they does not establish a legitimate property or lien interest in favor of Wells Fargo.

  c. Whether Wells Fargo filed the Affidavits of Correction with the intent to defraud the class.

  d. Whether Wells Fargo violated Section 817.535, Florida Statutes, by filing the Affidavits of Correction.

  e. Whether the court should order the class members' Affidavits of Correction sealed from the official records of the various counties in the State of Florida and removed from any electronic database used for indexing or locating instruments in such official records.

  f. Whether Wells Fargo should be permanently enjoined from filing or directing a person to file an instrument in the official records of any county in the State of Florida without prior review and approval for filing by a circuit or county court judge.

  g. Whether Wells Fargo is liable for actual and punitive damages.

16. The particular facts and circumstances that show that Plaintiff's claims are typical of the claims of each members of the class and that support the conclusions required of the court in determining that this action in maintainable on behalf of a class are as follows:

  a. Each member of the class executed an Open-End Real Estate Mortgage in favor of Wells Fargo which encumbers such class member's real property in order to secure a line of credit from Wells Fargo.

  b. The terms of each class member's Open-End Real Estate Mortgage did not include a maturity date.

  c. Wells Fargo filed an Affidavit of Correction purporting to amend each class member's real estate mortgage Open-End Real Estate Mortgage to state a maturity date.

  d. The members of the class did not authorize Wells Fargo to unilaterally amend their Open-End Real Estate Mortgages.

  e. Wells Fargo does not otherwise have the authority to unilaterally amend the class members' Open-End Real Estate Mortgages.

 17. Plaintiff is committed to prosecuting the action, will fairly and adequately protect the interests of members of the class, has no interest antagonistic to or in conflict with other members of the class and has retained counsel competent and experienced in class action litigation.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

       GILLIGAN, GOODING, FRANJOLA
       & BATSEL, P.A.

       */s/ George Franjola*
       _____
       George Franjola, Esq.
       Florida Bar Number: 333271
       1531 SE 36th Avenue
       Ocala FL  34471
       Telephone: (352) 867-7707
       Email:  gfranjola@ocalalaw.com
       Secondary:  peining@ocalalaw.com
       Attorneys for Plaintiff

PREPARED BY & RETURN TO:  LOIS, CROY
WELLS FARGO FINANCIAL BANK
3201 N 4TH AVE
SIOUX FALLS SD  57104

This Document was Prepared by:
Wells Fargo Financial Bank
PO Box 5943
Sioux Falls, SD  57117-5943

Return to:
Wells Fargo Financial Bank
PO Box 5943
Sioux Falls, SD  57117-5943

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 02/26/2007  09:55:27 AM
FILE #: 2007027514   OR BK 04720 PGS 1684-1685
RECORDING FEES 18.50
MORT DOC TAX  133.00
INTANG TAX  76.00

430840

**OPEN-END REAL ESTATE MORTGAGE**

TOMMIE JO CORY, A SINGLE PERSON, Mortgagors, are indebted to Wells Fargo Financial Bank, Mortgagee, under a Credit Card Account Agreement dated FEBRUARY 21, 2007, evidencing a secured credit card obligation and a line of credit in the amount of $ 38,000.00, made by said Mortgagee, pursuant to which an advance has been made in the sum of $ 0.00, together with charges according to the terms of said Credit Card Account Agreement. Said Credit Card Account Agreement requires payments in monthly instalments and according to the terms thereof, payment may be made in advance in any amount at any time and default thereunder or under any security instrument securing said Credit Card Account Agreement shall, at the option of the holder thereof and without notice or demand unless required by law, render the entire unpaid balance thereof at once due and payable.

NOW THEREFORE, in consideration of said advance and to further secure the payment of said Credit Card Account Agreement and any Credit Card Account Agreements executed and delivered to Mortgagee by Mortgagors at any time before the entire indebtedness secured hereby shall be paid in full, evidencing either a future loan by Mortgagee or a refinancing of any unpaid balance under the Credit Card Account Agreement above described or renewal thereof, or both such future loan and refinancing, the Mortgagors do hereby convey to the Mortgagee, its successors and assigns forever the tract of real estate hereinafter described; provided, however, if the Mortgagors well and truly pay and discharge said Credit Card Account Agreement or Credit Card Account Agreements according to the terms thereof, then these presents shall cease and be void.

In the event default shall exist hereunder or under said Credit Card Account Agreement or Credit Card Account Agreements, and the entire indebtedness secured hereby shall be due and payable either by exercise of the option of acceleration herein described or otherwise, this mortgage may be foreclosed by action in court by equitable proceedings. Upon foreclosure Mortgagee shall have the right, irrespective of any deficiency, to which Mortgagors hereby consent, to have a Receiver appointed to take possession of the premises and collect the rents, issues and profits thereof for the benefit of Mortgagee as allowed by law.

Mortgagors expressly agree to keep all legal taxes, assessments, and prior liens against said property paid, to keep the buildings and improvements thereon in good repair, to commit no waste thereon, and to keep the buildings and improvements thereon insured for the benefit of the Mortgagee as its interest may appear; and upon failure of Mortgagors to do so, Mortgagee may pay such taxes, assessments, and prior liens, and cause said property to be repaired, and cause said property to be insured, and the amount so paid shall become a part of the indebtedness secured by this mortgage as permitted by law.

The Mortgagors covenant that they exclusively possess and own said property free and clear of all encumbrances except as otherwise noted, and that they will warrant and defend the same against the claims and demands of all persons except the Mortgagee. Mortgagors also agree not to sell, convey or otherwise transfer the mortgaged property or any portion thereof without Mortgagee's prior written consent and any such sale, conveyance or transfer without Mortgagee's prior written consent shall constitute a default under the terms hereof. The Mortgagors hereby relinquish all contingent rights in and to the mortgaged property, including the right of dower and homestead. Any failure of the Mortgagee to enforce any of its rights or remedies hereunder shall not be a waiver of its rights to do so thereafter. Whenever the context so requires plural words shall be construed in the singular.

NOTICE: This mortgage secures the repayment of any future advances hereafter made by Mortgagee to Mortgagor within 20 years of the date hereof, provided however, the maximum principal amount which may be secured by this mortgage may not exceed line of credit noted above. Loans and advances up to this amount, together with interest, are senior to indebtedness to other creditors under subsequently recorded or filed mortgages and liens.

DESCRIPTION OF MORTGAGED REAL ESTATE:

THE LAND REFERRED TO IN THIS EXHIBIT IS LOCATED IN THE COUNTY OF MARION AND THE STATE OF FLORIDA IN DEED BOOK 2384 AT PAGE 44 AND DESCRIBED AS FOLLOWS:
LOT 9, BLOCK C, TROPICANA VILLAGE II, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 1, PAGES 104 AND 105, PUBLIC RECORDS OF MARION COUNTY, FLORIDA.

situated in the County of   MARION                    , State of  FL
Dated this   21       day of  FEBRUARY, 2007

Mortgage Information Services, Inc
2889 N. Commerce Parkway
Miramar, FL 33025

FL-2347NOWLINE-0906 (ROC)       **EXHIBIT "A"**                Page 1 of 2

Signed in the presence of:

_____  
(Witness) CASEY REEDER  
Type Name as Signed:

*Tommie Jo Cory* [Sign Here]  
Type Name as Signed: TOMMIE JO CORY  
Type Address: 4883 SE 131ST, BELLEVIEW, FL 344205032

_____ [Sign Here]  
Type Name as Signed:  
Type Address: 4883 SE 131ST, BELLEVIEW, FL 344205032

STATE OF __FLORIDA__ )  
) SS.  
COUNTY OF __MARION__ )

The foregoing instrument was acknowledged before me this 21 day of FEBRUARY, 2007, by TOMMIE JO CORY, A SINGLE PERSON, who is personally known to me or who has produced FLORIDE DRIVERS LICENSE as identification and who did (did not) take an oath.

*Lois M. Croy*  
_____  
(SEAL)  
Type Name as Signed: LOIS M. CROY  
Notary Public

My Commission Expires: _____

[Notary Seal: LOIS M. CROY, NOTARY, My Comm. Expires May 28, 2010, No. DD 541168, STATE OF FLORIDA]

DAVID R ELLSPERMANN CLERK & COMPTROLLER MARION CO
DATE: 12/02/2016  01:10:14 PM
FILE #: 2016110995   OR BK 6494 PGS 1794-1796
REC FEES: $27.00 INDEX FEES: $0.00
DDS: $0 MDS: $0 INT: $0

When recorded return to:
Wells Fargo Bank, N.A.
Attn: Lien Processing (NL)
P.O. Box 31557
MAC B6955-015
Billings, MT 59107- 9900

_____ Space Above This Line For Recording Data _____

DOCUMENT # 2007027514
ACCOUNT #:442518000235XXXX
APN # 41576-003-09

# AFFIDAVIT OF CORRECTION
## TO CORRECT AN OMISSION

**AFFIANT**, Wells Fargo Bank, N.A., under penalty of perjury, hereby swears and affirms that the document recorded on behalf of **AFFIANT** on the 26TH day of FEBRUAURY, 2007 in book 04720, page 1684, as document number 2007027514 in the Office of CLERK OF COURT of MARION County, State of FLORIDA, between TOMMIE JO CORY, A SINGLE PERSON and Wells Fargo Bank N.A., formerly known as Wells Fargo Financial Bank, contained the following omission:

The MATURITY DATE OF THE SECURED DEBT FOR THE SECURITY INTEREST was:

**(OMITTED)**

This Affidavit of Correction is being filed to:

The MATURITY DATE OF THE SECURED DEBT FOR THE SECURITY INTEREST is hereby amended to show:

NOVEMBER 30, 2056(11/30/2056)

Dated this date November 29, 2016

See attached legal description

**WELLS FARGO BANK, N.A., formerly known as WELLS FARGO FINANCIAL BANK (AFFIANT)**

By: _Jeanne Broderson_
LEANNE BRODERSON

Its: <u>Vice President Loan Documentation</u>

# EXHIBIT "B"

STATE OF     Montana     )
                         )ss
COUNTY OF    Yellowstone)

On November 29, 2016 before me, the undersigned, a Notary Public for the State of Montana, personally appeared LEANNE BRODERSON, a Vice President Loan Documentation of Wells Fargo Bank, N.A., personally known to me, and in his/her authorized capacity, executed this instrument.

WITNESS my hand and official seal.

Signature: _____
Name: TARI ERFLE
Residing at: Yellowstone County
My Commission expires: MARCH 20, 2017

TARI ERFLE
NOTARY PUBLIC for the
State of Montana
Residing at Billings, Montana
My Commission Expires
March 20, 2017

Prepared by:
Wells Fargo Bank, N.A
**YASMIN HORTON**
Loan Servicing Specialist
P.O. Box 31557
MAC B6955-015
Billings, MT 59107- 9900
406-655-6937

## EXHIBIT A

THE LAND REFERRED TO IN THIS EXHIBIT IS LOCATED IN THE COUNTY OF MARION AND THE STATE OF FLORIDA IN DEED BOOK 2384 AT PAGE 44 AND DESCRIBED AS FOLLOWS:
LOT 9, BLOCK C, TROPICANA VILLAGE II, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 1, PAGES 104 AND 105, PUBLIC RECORDS OF MARION COUNTY, FLORIDA.