#### UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF FLORIDA

TOMMIE JO CORY, individually and on behalf )
of all others similarly situated,            )
                                             )
        Plaintiff,                      )  Case No. 5:18-cv-0532-PGB-PRL
   v.                                        )
                                             )
WELLS FARGO BANK, N.A., f/k/a Wells          )
Fargo Financial Bank.                        )
                                             )
        Defendant.                      )
                                             )

## ORDER GRANTING FINAL APPROVAL TO *CORY* CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

The claims of Plaintiff Tommie Jo Cory relating to Affidavits of Correction Defendant Well Fargo Bank, N.A. recorded in connection with Plaintiff's and Settlement Class Members' Nowline/PrimeEquity accounts have been settled pursuant to the parties' Stipulation and Settlement Agreement dated October 4, 2019 (the "Agreement") and the Amendment to the Settlement Agreement ("Amendment") executed on April 17, 2020. On November 18, 2019, the Court granted preliminary approval to the proposed class action settlement[1] set forth in the Agreement (the "Settlement") and provisionally certified the Settlement Class, as defined in the Court's Order, for settlement purposes only. On April 22, 2020, the Court preliminarily approved the Parties motion to amend the Settlement Agreement to account for additional, newly discovery, Class members.

On June 29, 2020, the Court held a duly noticed Final Aapproval hearing to consider: (1) whether the terms and conditions of the Agreement and the Amendment are fair, reasonable and

---

[1] An Amended Order preliminarily approving the Settlement was issued on January 23, 2020. The Amended Order simply corrected the date for Class Members to file their claim forms.

adequate; (2) whether judgment should be entered dismissing Plaintiff's claims on the merits and with prejudice, including the claims of Settlement Class Members who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and an Incentive Award to Plaintiff.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      The terms and conditions in the Agreement and the Amendment are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Agreement and its Amendment.

2.      The Court has personal jurisdiction over Plaintiff, Wells Fargo, and the Settlement Class Members, venue is proper, the Court has subject-matter jurisdiction to approve the Settlement Agreement and its Amendment and enter this Judgment. Without in any way affecting the finality of this Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and its Amendment, and of this Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3.      The Settlement including the Amendment was negotiated at arms' length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. The Parties reached a settlement after mediation and extensive negotiations. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of

protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to all Settlement Class Members predominate over any any individual questions affecting the Settlement Class Members; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Agreement and its Amendment, which shall consist of the following:

> All individuals with open or closed Nowline (currently known as PrimeEquity) accounts with Wells Fargo, and for whom Wells Fargo recorded an Affidavit of Correction regarding the maturity date.
>
> Excluded from the Settlement Class are: (a) Wells Fargo and its employees, principals, affiliated entities, legal representatives, successors, and assigns; (b) any Person who files a valid, timely Request for Exclusion; (c) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and (d) the judges to whom the Action is assigned and any members of their immediate families.
>
> The Settlement Class Period shall commence on January 1, 2008, and shall continue through and including [the date of Preliminary Approval].The Court finally designates Benjamin J. Widlanski of Kozyak Tropin & Throckmorton, LLP and George Franjola of the Law Office of George Franjola as Settlement Class Counsel.

6. The Court finally designates Plaintiff Tommie Jo Cory as the Settlement Class Representative.

7. The Court makes the following findings with respect to Class Notice to the Settlement Class:

   a. The Court finds that the distribution of the Mail Notice, Email Notice, and Claim Form, and the creation of the Settlement Website and a toll-free telephone number, all as provided for in the Agreement and its Amendment and the Preliminary Approval Orders, (i) constituted the best practicable notice under the circumstances, and was reasonably calculated to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

   b. Class Counsel has filed with the Court a declaration from Rust Consulting, the independent third-party Claims Administrator for the Settlement, establishing that the Mail Notice, EMail Notice, and Claim Forms were sent to Settlement Class Members on January 31, February 18, and May 1, 2020; the Settlement Website was established on November 28, 2019; and a toll-free Information Number has been operational for Class Members to call since January 31, 2020. In addition, Notices of the Amendment to the Settlement was sent out to Settlement Class Members who were previously sent the Notice and Claim Form on January 31, 2020 and February 18, 2020. Adequate Class Notice was given to the Settlement Class in compliance with the Agreement, its Amendment, and the Preliminary Approval Order.

8. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Notice and on the Settlement Website. Further, the original list Class Members was provided additional notice regarding the Amendment of the Settlement and allowed additional time to opt-out or object to the Settlement. The Court finds that the individual interests of the person(s) who sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if he or she so desired.

9. Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq*., in connection with the proposed Settlement.

10. Settlement Class Members who did not timely file and serve an objection in writing to the Agreement or Amendment, to the entry of this Judgment, to Class Counsel's application for Attorneys' Fees and Expenses, or to the Incentive Award to the Plaintiff, in accordance with the procedure set forth in the Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

11. The terms and provisions of the Agreement and the Amendment have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement, the Agreement and its Amendment, fully and finally terminating all claims of Plaintiff and the Settlement Class in this Action against Wells Fargo, on the merits and with prejudice.

12. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of Nine Hundred and Ninety Thousand and No/100 Dollars ($990,000) payable by Defendants pursuant to the terms of the Agreement and the Amendment.

13. The Court also awards an Incentive Award in the amount of Five Thousand No/100 Dollars ($5,000.00) to Plaintiff Tommie Jo Cory, payable by Defendant pursuant to the terms of the Agreement and the Amendment. Defendant shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

14. The terms of the Agreement, the Amendment, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all claims and pending and future lawsuits maintained by Plaintiff and/or each Settlement Class Member who did not timely and properly exclude himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Parties.

15. The Releases, which are set forth in Section IX of the Agreement, are expressly incorporated herein in all respects and are effective as of the entry of this Judgment. The Released Parties are forever released, relinquished, and discharged by the Releasing Parties, including all Settlement Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims (as that term is defined below and in the Agreement).

> a. Released Claims do not include claims arising after the close of the Settlement Class Period. Nothing in the Agreement, the Amendment, or this Order shall be deemed a release of any Settlement Class Member's respective rights and obligations under the Agreement, the Amendment, or this Judgment, or preclude any action to enforce the terms of the Agreement or its Amendment, including participation in any

6

of the processes detailed therein. Further, and not in limitation of the scope of Released Claims or the definition of Released Parties, nothing in the Agreement, the Amendment, or this Order shall be deemed a release of claims by Wells Fargo borrowers against any person who is not a Released Party.

b. Plaintiff and each Settlement Class Member is deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement and its Amendment.

c. The Releases do not affect the rights of persons in the Settlement Class who timely and properly submitted a Request for Exclusion.

d. The Agreement and the Amendment shall be the exclusive remedy for all Settlement Class Members with regards to the Released Claims.

16. Neither the Agreement or its Amendment, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions shall be:

a. Offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Parties of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Action or in any litigation against the Released Parties, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b. Offered by any person or received against any of the Released Parties as evidence

       of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

  c. Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative action or proceeding;

  d. Offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

16. In the event that the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

17. This Judgment and the Agreement and its Amendment may be filed in any action against or by any Released Party in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

18. Plaintiff and all Settlement Class Members and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns, have released

the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any lawsuit in any jurisdiction before any court or tribunal against any Released Party based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims; or (b) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit against any Released Parties (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.  Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.  The foregoing injunction is issued in order to protect the continuing jurisdiction of the Court and to effectuate and implement the Agreement, its Amendment, and this Judgment.

19. The Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction that are based on Released Claims pursuant to the Agreement, the Amendment, and this Judgment, and that are enjoined pursuant to this Judgment.

20. The claims of Plaintiff Tommie Jo Cory, individually and on behalf of the Settlement Class, including all individual claims and class claims presented herein, are hereby dismissed on the merits and with prejudice against Wells Fargo without fees or costs to any party except as otherwise provided in this Judgment.

9

21. The Settling Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by the Orders of this Court. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement and its Amendment, as may be modified by the Preliminary Approval Order or this Judgment.

22. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Agreement, the Amendment, and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

**DONE AND ORDERED** in Orlando, Florida on June 30, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties